THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN WALKER and PATRICIA B'HYMER, <br><br> Plaintiffs, <br><br> v. <br><br> THE HARTFORD INSURANCE COMPANY and HARTFORD EMPLOYEES, CARRIE STILL AND JANE JOHNSON, <br><br> Defendants. | CASE NO. C17-1201-JCC <br><br> ORDER ON MOTION TO DISMISS |

This matter comes before the Court on Defendant the Hartford Insurance Company's motion to dismiss or substitute and amend the caption (Dkt. Nos. 12) and Defendants Carrie Still and Jane Johnson's motion to dismiss (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendants' motions for the reasons explained herein.

I.     BACKGROUND

Plaintiffs Glen Walker and Patricia B'Hymer, acting *pro se*, filed a complaint in King County Superior Court on April 26, 2017 and an amended complaint on July 14, 2017, naming as defendants the "Hartford Insurance Company" and employees Carrie Still and Jane Johnson. Plaintiffs' complaint alleges that the Harford Insurance Company falsely denied their insurance

claims for the theft and destruction of a number of their vehicles and acted in bad faith in doing so, causing Plaintiffs emotional distress. (Dkt. No. 1-1 at 1.) The Washington State Insurance Commissioner accepted service of the amended complaint on behalf of Twin City Fire Insurance Company ("Twin City"). (Dkt. No. 13 at 2.) Defendants removed the case to federal court on August 9, 2017 (Dkt. No. 3.) Defendants Still and Johnson now move to be dismissed as parties. (Dkt. No. 13.) The Hartford Insurance Company moves to dismiss the complaint or to substitute Twin City and amend the case caption to reflect this substitution. (Dkt. No. 12.) Plaintiff's reply requests and additional thirty days to retain an attorney and amend the complaint. (Dkt. No. 15.)

## II. DISCUSSION

### A. Rule 12(b)(6) Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a 12(b)(6) motion to dismiss, the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the non-moving party. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007). To survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). The Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiffs who proceed *pro se* "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Additionally, *pro se* litigants are entitled to notice of deficiencies in a complaint and leave to amend before a district court can dismiss such a complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### B. Claims against Hartford Insurance Company

Defendants move to dismiss claims against "Hartford Insurance Company," asserting that this company is not a legal entity in existence and did not issue the policy at issue. (Dkt. No. 12.) In the alternative, Defendant asks the Court to substitute Twin Cities as the named defendant. (*Id*.) Defendants' corporate disclosure statement identifies Twin City as the underwriting company that issued the policy. (Dkt. No. 4 at 1.) Twin City is owned by Hartford Fire Insurance Company, which is a wholly-owned subsidiary of Hartford Financial Services Group. (*Id*.)

The Court considers this motion in the context of the recent removal of the case to federal court, and Plaintiffs' current *pro se* status and request for time to amend the complaint. (Dkt. Nos. 1, 15). In light of these circumstances, the Court will grant Plaintiffs leave to amend the complaint and name a legal entity that may be sued. Plaintiffs have thirty (30) days from the issuance of this order to amend the complaint.

### C. Claims against Employees Carrie Still and Jane Johnson

Plaintiffs' complaint names Defendants Carrie Still and Jane Johnson, who are employed by the Hartford Fire Insurance Company and work respectively as an investigator and claims team leader for Twin City. (Dkt. Nos. 5, 6, 13 at 2.) Still and Johnson assert they have not yet been served in this action. (Dkt. No. 13 at 2.)

Defendants move to dismiss the complaint against them because it fails to state a claim upon which relief can be granted and cannot be rectified by amendment. (Dkt. No. 13 at 3); *see* Fed. R. Civ. Pro. 12(b)(6). The complaint alleges generally that Hartford Insurance falsely denied Plaintiffs' insurance claims in bad faith and caused them emotional distress by doing so. (Dkt. No. 1-1.) The complaint does not put forward specific allegations against Still or Johnson, other than stating that Walker met with Still and offered to provide evidence about his claim, which Still stated she did not need at the time. (*Id*.)

Courts in this district have held that under Washington consumer protection and insurance fair conduct acts and tort law, when an employee adjuster of an insurance company

acts as an agent of the company and within the scope of employment, she is generally not subject to liability for bad faith or negligence in the company's denial of an insurance claim. *See International Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co.*, 87 P.3d 774, 786-87 (Ct. App. Wash. 2004); *Garoutte v. American Family Mut. Ins. Co.*, Case No. C12-1787-MJP, Dkt. No. 23 at 3 (W.D. Wash. 2013). Plaintiffs' complaint does not allege that Still or Johnson acted as more than adjusters or agents of the insurance company and does not allege they took actions outside the scope of their employment that would make them liable to Plaintiffs. (*See* Dkt. No. 1-1.)

Taking into account Plaintiffs' *pro se* status and request for time to amend, the Court will grant Plaintiffs thirty (30) days in which to file an amended complaint either dismissing Defendants Still and Johnson or stating a cognizable claim against Defendants.

## III. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss or substitute and amend the case caption are DENIED (Dkt. Nos. 12, 13). Plaintiffs are GRANTED an additional thirty (30) days from the issuance of this order to amend their complaint. If Plaintiffs fail to satisfactorily do so, Defendants may renew their motion to dismiss.

DATED this 10th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE