1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN WALKER and PATRICIA B'HYMER,<br><br>                Plaintiffs,<br><br>      v.<br><br>TWIN CITY FIRE INSURANCE COMPANY, a foreign insurer admitted to do business in the State of Washington,<br><br>                Defendant. | CASE NO. C17-1201-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for partial summary judgment (Dkt. No. 37). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and GRANTS the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiffs bring suit against their insurer, Twin City Fire Insurance Company ("Twin City") for breach of contract and violation of Washington's Consumer Protection Act. (Dkt. No. 23 at 3.) These claims arise from Twin City's denial of Plaintiffs' insurance claims on three classic vehicles covered under Twin City policies. (*Id*. at 1–3.) Plaintiffs hired Frank Anderson to perform work restoring the vehicles at his shop, but their relationship deteriorated over time.

(*Id.* at 2.) Plaintiffs allege that before they recovered the vehicles from Mr. Anderson, he "vandalized each [vehicle], and [stole] and destroyed [a] substantial number of parts." (*Id.*) Plaintiffs filed claims with Twin City for "vandalism" and "theft" damages, which are covered under an "other than collision" clause of their insurance policy. (Dkt. Nos. 23 at 2, 38 at 73.) Twin City denied the claims after a three-month investigation. (Dkt. No. 23 at 2.) Plaintiffs filed the present suit against Twin City in King County Superior Court, which Twin City removed to federal court. (Dkt. No. 1.) Plaintiffs also filed suit against Anderson in King County Superior Court, alleging breach of contract and conversion. (Dkt. No. 43-2 at 4.) After a bench trial the Superior Court dismissed the claims against Anderson with prejudice. (Dkt. No. 38 at 65–69.)

Defendant moves for summary judgment on Plaintiffs' breach of contract claim. (Dkt. No. 37 at 2.) Twin City asserts that Plaintiffs are collaterally estopped from arguing that Anderson committed theft or vandalism. (*Id.*) Thus, there is no basis for the Court to find coverage under the Twin City policy, or, in turn, liability for breach of contract. (*Id.*)

## II.     DISCUSSION

### A.     Summary Judgment

The Court may grant summary judgment on part of a claim or defense where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a motion for partial summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B.     Analysis

To obtain summary judgment on Plaintiffs' breach of contract claim, Defendant must

establish as a matter of law that Plaintiffs' claims were not covered under their insurance policy. Determination of insurance coverage is a two-step process. First, the insured must show that the loss falls within the insurance policy; the burden then shifts to the insurer to show that an exclusion applies. *Overton v. Consolidated Ins. Co.*, 38 P.3d 322, 329 (Wash. 2002). Defendants assert that the Superior Court's ruling stops Plaintiffs at step one: it precludes them from establishing that their loss was caused by theft or vandalism—as alleged in their insurance claim and suit against Twin City—and thus covered under the policies. (Dkt. Nos. 37 at 8, 38 at 6, 23 at 2.) Thus, the initial question is whether the Superior Court's ruling on Plaintiffs' claims against Anderson has a preclusive effect in this case.

### 1. Collateral Estoppel

To determine whether a state court judgment has a collateral estoppel effect in a federal suit, a court must apply the state's law of collateral estoppel. *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994). Under Washington law, collateral estoppel applies where: "(1) the issue in the earlier proceeding is identical to the issue in the later proceeding, (2) the earlier proceeding ended with a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party, or in privity with a party, to the earlier proceeding, and (4) applying collateral estoppel would not be an injustice." *Schibel v. Eyemann*, 399 P.3d 1129, 1132 (Wash. 2017). The parties do not dispute that the earlier proceeding ended with a final judgment on the merits or that collateral estoppel is asserted against a party to the earlier suit—Plaintiffs. (Dkt. No. 40 at 4.) Rather, Plaintiffs argue that the issues in the two cases are not identical and that it would be unjust to apply collateral estoppel. (*Id.*)

#### a. *Identical Issues*

The purpose of collateral estoppel is not "to deny a litigant his day in court," but to "prevent retrial of one or more of the crucial issues or determinative facts determined in previous litigation." *Luisi Truck Lines, Inc. v. Washington Utilities and Transp. Commission*, 435 P.2d 654, 659 (Wash. 1967). Whether or not Anderson damaged Plaintiffs' vehicles by theft or

vandalism will be a determinative fact in the matter before this Court. Plaintiffs' complaint clearly states that their "other than collision claim" is based on theft, vandalism, and destruction of their vehicles by Anderson. (Dkt. Nos. 23 at 2–3.) The Superior Court found that Plaintiffs failed to prove any harm occurred that could support a conversion claim. (Dkt. No. 38 at 19, 68) (complaint alleging vandalism, auto theft, fraud, and conversion dismissed with prejudice). While the causes of action may not be identical, this factual issue is. *See King v. City of Seattle*, 525 P.2d 228, 231 (Wash. 1974) *overruled on other grounds, City of Seattle of Seattle v. Blume*, 947 P.2d 223 (Wash. 1997) ("collateral estoppel prevents a second litigation of issues between the same parties even in connection with . . . a different cause of action"). While "other than collision" coverage could extend beyond damage caused by theft or vandalism, Plaintiffs have neither pled nor put forward evidence supporting a separate basis for their claim. (*See* Dkt. Nos. 40 at 7, 23 at 2–3.)[1] As pled, their coverage claim will necessarily turn on a factual issue already decided by the Superior Court. The identify prong of the collateral estoppel analysis is met.

### b. *Application of Collateral Estoppel Not an Injustice*

If the application of estoppel would be unjust under the circumstances, preclusion need not apply. This element of collateral estoppel is generally concerned with procedural unfairness. *Christensen v. Grant Cty. Hosp. Dist. No. 1*, 96 P.3d 957, 962 (Wash. 2004). Plaintiffs assert they did not "benefit from a full and fair opportunity to litigate their claim" in the prior suit because they appeared *pro se*, did not understand the consequences of the proceedings, Mr. Walker's request for accommodations due to his mental state was denied, and trial testimony lasted only minutes. (Dkt. No. 40 at 9–10.)

The Court perceives no injustice in applying collateral estoppel. *Pro se* status is a factor

---

[1] Plaintiffs argue that "other than collision" coverage includes any damage caused by anything other than a collision, and thus their claim is covered even if no theft or vandalism occurred. (Dkt. No. 40 at 7–8.) The Court does not decide here the breadth of this provision's coverage. Still, Plaintiffs must establish an accidental cause of loss to prevail on their claim, and have alleged no such cause apart from theft or vandalism. (*See* Dkt. No. 38 at 73.)

in determining whether application of such preclusion would be unjust, but it is not alone determinative. *See Carver v. State*, 197 P.3d 678, 683 (Wash. Ct. App. 2008) (finding application of collateral estoppel unjust due to plaintiff's mental disability and *pro se* status). Both parties in the Superior Court proceedings appeared *pro se*. (Dkt. No. 38 at 65.) Mr. Walker had counsel in this action at the time of the proceedings, but did not inform him of the related suit. (Dkt. No. 41 at 3.) Mr. Walker presents no facts that would make this Court doubt the Superior Court's determination that he was competent to represent himself without medical accommodation. (*See* Dkt. Nos. 40 at 3, 41 at 3.) Nor does Mr. Walker specify how his "mental state" impacted his ability to litigate his claims. (*See* Dkt. No. 40 at 3, 10.)

Furthermore, despite Mr. Walker's claim that he "did not understand the process," Plaintiffs familiar with civil litigation. Defendant points out that Mr. Walker has maintained two additional actions against Mr. Anderson, even successfully defending a motion for summary judgment based on *res judicata* in the Superior Court action at issue here, albeit with the assistance of counsel. (Dkt. Nos. 42 at 6, 43-2 at 2, 43-3 at 1, 43-4 at 2–5.) Finally, the prior proceedings were not procedurally deficient. Court records indicate that Plaintiffs presented nearly 13 minutes of testimony in a roughly 40 minute hearing and provided significant documentary evidence. (Dkt. No. 38 at 22–63, 65.) Plaintiffs had a full and fair opportunity to litigate the facts at issue here, despite their *pro se* status. While they may hope for a better outcome with counsel in this Court, that is not sufficient to allow for re-litigation of a decided issue. *Pro se* litigants are generally held to the same standard as an attorney. *Carver*, 197 P.3d at 683. The Court sees no reason to depart from that principle here.

### 2. Impact of Estoppel on Plaintiffs' Claims

Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish" an element of their claim on which the party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 324. The Court's ruling on collateral estoppel means that Plaintiffs cannot establish coverage based on theft or vandalism. While this determination does not

preclude Plaintiffs' from establishing coverage based on a separate accidental cause of loss, they have not done so. Plaintiffs assert generally that the damage could be the result of another "other than collision" cause of loss and point out that the policies do not exclude damage to an owned automobile while at the mechanic. (Dkt. No. 40 at 8–9.) But Plaintiffs make no showing of an actual alternative cause of loss. Therefore, summary judgment on Plaintiffs' breach of contract claim is appropriate.

The parties dispute the impact of estoppel on Plaintiffs' Consumer Protection Act ("CPA") claim and available damages. (Dkt. Nos. 40 at 10, 42 at 8.) The Court notes that its ruling on collateral estoppel finds only that Plaintiffs are precluded from arguing that their vehicles were damaged by Anderson's theft, larceny, or vandalism. Any impact of this ruling on Plaintiffs' CPA claim will be determined when that claim is properly before the Court.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment (Dkt. No. 37) is GRANTED.

DATED this 18th day of July 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE